IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| J,W., the Student, and C.W. the Student's Parent/Guardian ) Petitioners, | |
| | Civil No. 3:12-1083 |
| | Magistrate John S. Bryant |
| | Senior District Judge John T. Nixon |
| v. | |
| Clarksville/Montgomery County School System Respondent | |

## ~~PROPOSED~~ REVISED CASE MANAGEMENT ORDER

1.  JURISDICTION:

The court has jurisdiction pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. Section 1400 et. Seq. (hereinafter "IDEA". Jurisdiction is not disputed except to the extent that the Respondent contends that the Plaintiff's Amended Due Process Complaint does not implicate justiciable issues under the IDEA.

2.  PLAINTIFF'S THEORY OF THE CASE:

The Plaintiff is an individual with a disability with known disabilities within the meaning of IDEA. . Plaintiff attends a private day school, Academy for Academic Excellence. Pursuant to 20 U.S.C. Section 1415, any parent/guardian may present a complaint concerning the identification, evaluation or educational placement of a child, or the provision of a free and appropriate public education to such child and have the complaint resolved in an impartial due process hearing. As required by IDEA,

1

Tennessee has established an impartial due process hearing process.

The ALJ incorrectly determined that the Amended Complaint was insufficient. The Amended Due Process Complaint contained the specified information as delineated in federal regulations, 20 U.S.C. 1401, *et seq.*, and 34 C.F. R. Part 300.500, *et seq.* Under §§ 300.508(b) Content of complaint, it states that the due process complaint must include the following items: "(1) The name of the child; (2) The address of the residence of the child; (3) The name of the school the child is attending; (4) In the case of a homeless child or youth (within the meaning of section 725(2) of the McKinney-Vento Homeless Assistance Act (42 U.S.C. 11434a(2), available contact information for the child, and the name of the school the child is attending; (5) A description of the nature of the problem of the child relating to the proposed or refused initiation or change, including facts relating to the problem; and (6) A proposed resolution of the problem to the extent known to the party at the time. Petitioners' Amended Complaint or in the Alternative Supplement to the Complaint meets the aforementioned requirements. Refer to Sections I Identifying Information; II Statement of the Facts, III Procedural and Substantive Claims and Proposed Resolution sections of the filed said

.By statute the district must have an IEP place before the beginning of the school year. The judge cannot shift this burden to the parents because the parents have no ability to schedule an IEP and the duty by law falls to the district.

The school system cannot implement an IEP the parents did not consent to then use their non-consent against them for the purpose of litigation. The principal of laches clearly applies in this instance.

The Respondents cannot assert that they did not have an obligation to

provide J.W. a FAPE starting August 2011. by simply failing to follow procedures under IDEA. If this were the case the Respondents could avoid their mandate for providing all students with special needs a FAPE by simply failing to follow procedures for holding an IEP meeting. Additionally, if the Respondents could say a parent must sign an IEP or they lose their claim for a denial of FAPE, the parents would lose all ability to participate in the IEP process because they would be forced to accept whatever the district offered at the IEP meeting.

The district has an ongoing obligation to provide students with a FAPE every day not just on the day the IEP is written.

Stay- put Provision applies during the pendency of a Due Process hearing procedures (20 U.S.C. § 1415(j); 34 C.F.R.§ 300.518(a) (2006). J.W.'s then current placement was the Academy for Academic Excellence. This is the last agreed upon educational placement by the school system and C.W., guardian, for J.W.

This case should be granted at the cost of the Defendants because the case is about the denial of FAPE and change of placement.

3. DEFENDANT'S THEORY OF THE CASE:

This case should be dismissed at the cost of the Petitioners because the real complaint is with school assignment, not a change of placement, and school assignment is not a matter within the jurisdiction of the Administrative Judge or, on appeal, within the jurisdiction of this Court. The case also should be dismissed because the student Petitioner is a parentally-placed private school child with a disability under the IDEA. Therefore he is not entitled to individual services from the Respondent and is not entitled to pursue a due process complaint. Further, the case should be dismissed because the

Amended Due Process Complaint contained only conclusory, factually unsupported claims insufficient under the IDEA.

At all times the student Petitioner was entitled to services as a student with a disability the Respondent had an appropriate individualized education (IEP) plan in place which was developed in a procedurally correct manner and which was designed to provide a basic floor of opportunity and enable the student Petitioner to make reasonable educational progress. This IEP was not claimed to be inappropriate by the Petitioners and its content is not in dispute.

When the Respondent reassigned the student Petitioner to a different school from that which he had been attending the Respondent was acting within its powers under the law, both state and federal. The IEP did not change and therefore there was no change of placement under the IDEA and the so-called "stay-put" provision of the IDEA did not apply.

The Respondent should be declared the prevailing party and costs should be assessed against the Petitioners.

4.     IDENTIFICATION OF THE ISSUES;
    a.     ISSUES RESOLVED:

        Jurisdiction and venue except as otherwise challenged, based upon the absence of jurisdiction over the school assignment question.

    b.     ISSUES STILL IN DISPUTE:

    CONTENTIONS BY THE PETITIONERS:

    (1) The Amended Complaint was sufficient.

    (2) The ALJ misapplied the law.

(3) J.W. was denied FAPE.

(4) The school system made a unilateral decision to place J.W. at WEEMS Academy. During the IEP meeting Petitioners challenged the IEP/placement and subsequently filed an Administrative complaint, Request for Due Process and Mediation. J.W. was still enrolled in the School system at the time.

(5) Plaintiff asserts this is an educational placement issue and not a school assignment issue.

(6) Stay-put provision applies during the pendency of a Due Process hearing and through appeal.

CONTENTIONS BY THE RESPONDENT:

(1) The Amended Complaint was insufficient because it contained only conclusory, factually unsupported claims.

(2) The Administrative Judge and this Court lack jurisdiction because the school assignment was not a change of placement under the IDEA and therefore was within the Respondent's purview under both state and federal law.

(3) During the time the student Petitioner was in the Respondent's school system there was an appropriate IEP in place, unchallenged by the Petitioners, and therefore the student Petitioner was provided a free appropriate public education.

(4) The student Petitioner was a parentally-placed private school child with a disability under the IDEA and therefore was not

entitled to individual services or a free appropriate public education from the Respondent.

(5) The so-called "stay put" provision only applies when there is a change of placement, and the reassignment to a different school is not a change of placement.

5. NEED FOR OTHER CLAIMS OR SPECIAL ISSUES UNDER RULES 13-15, 17-21, AND RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

None

6. WITNESSES, IF KNOWN, SBJECT TO SUPPLEMENTATION FOR EACH PARTY.

For the Petitioners:

Respondents – school system personnel as identified in previous disclosure submitted to the court & opposing counsel, Academy for Academic Excellence personnel, WEEMS Academy personnel, the Petitioners, selected experts

For the Respondent:

School system personnel, the Petitioners, selected experts.

7. INITIAL DISCLOSURES AND STAGING OF DISCOVERY:

a. INTIAL DISCLOSURES:

Initial disclosures have been made.

b. DISCOVERY:

The parties shall complete all written discovery and depose all fact witnesses on or before **May 30, 2014**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Bryant.

8. DISPOSITIVE MOTIONS:

The parties shall file all dispositive motions on or before ~~June 1,~~ (May 8) 2014. Responses to dispositive motions shall be filed within twenty-five (25) days after service. Optional replies shall be filed within fifteen (15) days after service of the response.

Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

9. OTHER DEADLINES:

MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before ~~June 30,~~ (February 1) 2014.

10. SUBSEQUENT CASE MANAGEMENT CONFERENCES:

The subsequent case management conference will occur 30 days, **April 30 2014 at 10:00 am,** before the close of discovery.

11. ALTERNATE DISPUTE RESOLUTION.

Not feasible at this time

12. ESTIMATED TRIAL TIME:

7

The parties expect the trial to last approximately two (2) days. Trial is NOT to be conducted by Jury.

It is so **ORDERED**.

*[signature: John Bryant]*
JOHN S. BRYANT
United States Magistrate Judge

**APPROVED FOR ENTRY:**

s/Merriel Bullock-Neal
Merriel Bullock-Neal, Esq., BPR# 022703
Attorney for Plaintiff
Nealoffice235@aol.com
235C Dunbar Cave Road
Clarksville, TN 37043
931) 551-8300 – Telephone
(931) 551-8300 – Facsimile

s/John D. Kitch
John D. Kitch. BPR# 4569
Attorney for Defendant
jdkitch@edge.net
Suite 305, 2300 Hillsboro Road
Nashville, TN 37212
(615) 385-9911 – Telephone
(615) 385-9123 -- Facsimile